UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Criminal No.  04-009-03(DRD) |
| ARNALDO HENAO-SERNA (3), | |
| Defendant. | |

## SENTENCING MEMORANDUM
## AND OBJECTIONS TO THE PRESENTENCE REPORT

TO THE HONORABLE COURT:

COMES now the defendant, Arnaldo Henao-Serna, through the undersigned attorney, and respectfully states and prays, as follows:

After having read the decision of the Supreme Court of the United States in the case of U.S. v. Booker, we submit the following memorandum with an analysis of the factors to be considered when imposing the sentence as provided by 18 USC section 3353:

### NATURE OF THE OFFENSE

The defendant was part of the 7 person crew of a 35 feet long fishing iron vessel that traveled from Colombia to Puerto Rico with 78 bales of marihuana containing a net weight of 1,820 kilograms.  Marihuana is one of the least harmful controlled substances.

### CIRCUMSTANCES OF THE OFFENSE

The defendant did not plan or envision the commission of the offense, he was caught up in the middle of a crime with no way of getting out of it.  While being part part of the crew of a fishing boat that was fishing off the coast of Colombia, they approached the shore to in an isolated part of

<u>U.S. v. Arnaldo Henao-Serna(03)</u>, criminal # 04-009-03(DRD)

Colombia to get provisions when armed persons unknown to him approach the Captain of his vessel and begin unloading the marihuana that was confiscated in this case.  Being in a very remote part of Colombia, the defendant had no option but to stay inside the boat.

The evidence in the possession of the government show that the boat in which the defendant was caught was a legally registered fishing vessel in Colombia.

**HISTORY OF THE DEFENDANT**

The defendant was born on December 21, 1960 in Colombia.  He was raised by his paternal grandparents in extreme poverty.  His father was killed by the guerrilla.  He managed to complete the 5th grade in school.  He has been married to Gloria Amparo for the last 22 years.  He has six children with ages ranging from 6 to years.  The defendant worked as a merchant marine for approximately 18 years.  He is also a skilled fisherman.  At the time of the offense, he had been employed for approximately 9 months by Santander Caraballo Barbosa who owns the boat in which he was traveling at the time of the offense.

**CHARACTERISTICS OF THE DEFENDANT**

Arnaldo Henao-Serna is a humble black Colombian national who has been living in poverty all of his life.  He has also been working in the seas during most of his life.  He has never before been involved in the smuggling of marihuana or any other controlled substance.  He had no power or control over the boat in which he was traveling.  He had no participation in the profits of the smuggling venture.  He was a minimal participant in the offense.  In this sense, his role can be compared as that of a "drug mule".

2

U.S. v. Arnaldo Henao-Serna(03), criminal # 04-009-03(DRD)

### PROMOTING RESPECT FOR THE LAW AND PROVIDING JUST PUNISHMENT FOR THE OFFENSE

Mr. Henao would not have committed the offense if it had not been for the specific circumstances in which he found himself.  A 24 month sentence is sufficiently long to promote respect for the law in the present case and to provide just punishment as Mr. Henao is nothing near a hard criminal.

### AFFORDING ADEQUATE DETERRENCE TO CRIMINAL CONDUCT

Spending 24 months of your life for being at the wrong place at the wrong time is definitely an adequate deterrence for the criminal conduct of the defendant.

### PROTECTING THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT

There is no need to incapacitate this defendant to protect the public from further crimes as the defendant would not have committed the offense under ordinarily circumstances as evidenced by his past record of lawfulness.

### PROVIDE THE DEFENDANT WITH NEEDED EDUCATION OR VOCATIONAL TRAINING , MEDICAL CARE, OR OTHER CORRECTIONAL TREATMENT IN THE MOST EFFECTIVE MANNER

The defendant is a 45 year old man who already has skills in fishing in which industry he was employed at the time of the offense and in which the defendant plans to work when released from prison, therefore there is no need to provide him with needed education, medical care or other correctional treatment.

U.S. v. Arnaldo Henao-Serna(03), criminal # 04-009-03(DRD)

**KINDS OF SENTENCES AVAILABLE**

A sentence of probation with adequate supervision is the most suited kind of sentence available for the defendant.  The probation office of the Colombian Bureau of Prisons could supervise the defendant during the probation term.

**KINDS OF SENTENCE AND THE SENTENCING RANGE ESTABLISHED FOR THE APPLICABLE CATEGORY OF DEFENDANTS AS SET FORM IN THE GUIDELINES ISSUED BY THE SENTENCING COMMISSION**

As the defendant is a minimal participant in the offense, even though the Base Offense Level for 1,820 kgs of marihuana is 32, because of his minimal participation the BOL is 30, as provided by section 2D1.11(a).

Specific Offense Characteristics are not applicable.

Adjustment for Role in the Offense should be of a 4 level decrease as Mr. Henao was a minimal participant in this enterprise.

For accepting responsibility in a timely manner and for assisting the authorities in the investigation or prosecution of the case, a 3 level decrease is warranted.

Finally, as the defendant has complied with all the provisions of the "safety valve", a 2 level decrease is also applicable.

This brings us to a Total Offense Level of 21 with a sentencing range of 37- 46 months.

**DEPARTURE**

This Honorable Court should also take into consideration section 5K2.12 of the guidelines which provides for a departure based on coercion and duress if the defendant committed the offense

4

U.S. v. Arnaldo Henao-Serna(03), criminal # 04-009-03(DRD)

because of serious coercion, blackmail, or duress, under circumstances not amounting to a compllte defense, the court may depart downward.  The policy statement goes on to say that ordinarily coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury.  In the present case, the defendant had no other option but to stay in the boat with the marihuana as he feared the armed men who loaded the cargo into the boat.  This fear is completely reasonable taking into account that his own father was murdered by the guerrilla.

With this departure, the Court could sentence the defendant to 24 months in probation.

**PERTINENT POLICY STATEMENT**

The commentary to the guidelines section 3B1.2 describe the minimal participation role as being intended to cover those defendants who are plainly among the least culpable of those involved in the conduct of a group.  It also indicates that the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant.

**AVOIDING UNWARRANTED SENTENCE DISPARITIES AMONG DEFENDANTS WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT**

All minimal participants of an offense similar to the one committed by Arnaldo should be sentenced to substantially less harsh sentences than those participants with decision power and control over the enterprise.

**NEED TO PROVIDE RESTITUTION TO ANY VICTIMS OF THE OFFENSE**

As no harm or damage was inflicted on any victims or their properties, there is no need for

U.S. v. Arnaldo Henao-Serna(03), criminal # 04-009-03(DRD)

restitution in this case.

### OBJECTION TO PRESENTENCE INVESTIGATION REPORT

We object to the presentence investigation report in as much as it does not take into consideration the factors listed in section 3553 and in as much as it does not take into consideration the minimal participation of Arnaldo and the grounds for departure discussed above.

WHEREFORE, the plaintiff respectfully requests that the Court take notice of the above mentioned factors at the time of sentencing and that the presentence investigation report be amended accordingly.

RESPECTFULLY SUBMITTED.  In San Juan, Puerto Rico, on this 7th day of March, 2005.

I HEREBY certify that on this same date I have served this motion by mailing a true and exact copy hereof to: Eddebbie Cofresi, U.S. Probation Officer, room 143, #150 Chardón Ave., S.J., P.R. 00918-1741, and by filing with the Clerk of the Court using the CM/ECF system which will notify all parties.

*S/José R. Olmo-Rodríguez*
JOSÉ R. OLMO RODRÍGUEZ
USDC-PR NO. 213405
Suite 215, El Centro I, S.J., P.R.00918
Tel. (787)758-3570/Fax (787)764-0338

6